Filed 8/22/24  In re A.A. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | C099777 |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br> A.A.,<br><br>    Defendant and Appellant. | (Super. Ct. Nos. JD2021-0169, JD2022-0075, JD2022-0202, JD2023-0091) |

This appeal involving minor A.A. (the minor) comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *In re Kevin S.* (2003) 113 Cal.App.4th 97. Our review of the record indicates that although the juvenile court orally determined the minor's maximum term of confinement, the applicable minute orders do not mention it. We will affirm the judgment and direct the juvenile court to correct the relevant minute orders to set forth the minor's maximum term of confinement.

1

BACKGROUND

The People initiated wardship proceedings in October 2021, alleging that the minor (who was 14 years old at the time) committed second degree burglary (Pen. Code, § 459 -- count 1),[1] felony vandalism (§ 594, subd. (a) -- counts 2-3), resisting a police officer (§ 148, subd. (a)(1) -- count 4), misdemeanor battery (§ 242 -- count 5), and evading a police officer by motor vehicle (Veh. Code, § 2800.1 subd. (a) -- count 6). The minor admitted the count 2 charge of felony vandalism and the count 5 charge of misdemeanor battery, and the remaining counts were dismissed on the People's motion. The juvenile court placed the minor on six months informal probation.

In April 2022, probation filed a petition for violation of probation. The next month, the People filed a new wardship petition alleging the minor had committed battery with serious bodily injury (§ 243, subd. (d) -- count 1) and assault by means of force likely to cause great bodily injury (§ 245, subd. (a)(4) -- count 2). The minor admitted the count 2 charge of assault and he also admitted the probation violation allegations. The remaining count was dismissed. The juvenile court determined that the minor was a ward of the court and continued his probation with additional conditions, including general gang conditions.

In December 2022, the People filed another wardship petition alleging the minor had evaded a police officer by motor vehicle (Veh. Code, § 2800.1, subd. (a) -- count 1) and drove without a license (Veh. Code, § 12500, subd. (a) -- count 2). The People also filed a notice alleging the minor violated probation. The minor admitted the count one charge of evading and the related probation violation. The remaining count was dismissed. At a disposition hearing in March 2023, the juvenile court ordered the minor

---

[1] Undesignated statutory references are to the Penal Code.

to serve 10 days in juvenile hall (stayed) and placed him on 60 days home confinement with electronic monitoring under modified terms and conditions.

On May 2, 2023, the probation department filed a motion to revoke home electronic monitoring alleging the minor had violated the terms of confinement. The minor admitted the allegations and the juvenile court ordered him to serve the previously imposed 10 days in juvenile hall, followed by the remaining time on home confinement with electronic monitoring.

The People filed a notice of violation of probation on June 1, 2023, alleging the minor violated his probation by committing a willful disturbance at a public school (Ed. Code, § 32210) and resisting a peace officer in the performance of duties (§ 148, subd. (a)(1)). The following month, the People filed a new wardship petition alleging attempted murder (§§ 664/187, subd. (a) -- count 1) with firearm enhancements (§§ 12022.53, subd. (c); 12022, subd. (a)(1)); assault with a firearm (§ 245, subd. (a)(2) -- count 2); grossly negligent discharge of a firearm (§ 246.3 – count 3); carrying a loaded firearm (§ 29850, subds. (a), (c)(4) -- count 4); possession of a firearm by a person under 30 with a prior juvenile conviction and wardship (§ 29820, subd. (a)(1) -- count 5); possession of a firearm by a person prohibited by probation order (§ 29815, subd. (a) -- count 6); possession of a handgun by a minor (§§ 29610, 29700, subd. (a) -- count 7); and unlawful possession of ammunition (§ 30305, subd. (a)(1) -- count 8). The same day, probation filed an amended notice alleging 15 probation violations.

The minor admitted the count 2 charge of assault with a firearm and one probation violation allegation. The remaining counts and allegations were dismissed. The minor remained detained pending disposition. The probation department's predisposition report recommended a commitment to juvenile hall for 365 days with rehabilitative services given the minor's  rapid escalation to more significant criminal activity despite

3

rehabilitative efforts, and given the mother's denial concerning the seriousness of the minor's conduct.

The minor opposed the recommendation of a 365-day commitment to juvenile hall, saying his increasing criminality was due to a difficult childhood and probation's failure to supervise and support him. The minor argued incarceration would do more harm than good and he urged home confinement with GPS monitoring.

At the contested disposition hearing on October 25, 2023, the juvenile court found that the minor had engaged in an alarming escalation in criminal behavior; prior out-of-custody rehabilitative efforts had been unsuccessful; the behavior would be better addressed by rehabilitation within juvenile hall; and the minor's welfare required removal from his mother, who failed to appreciate the seriousness of the situation. The juvenile court continued the minor as a ward of the court (Welf. & Inst. Code, § 725, subd. (b)) and ordered him placed in Yolo County juvenile hall for 365 days with rehabilitative services, which would start retroactively from August 3, 2023.

The juvenile court orally determined that the minor's maximum term of confinement was six years two months. But the applicable minute orders do not reflect this.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) The minor was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from the minor.

Our review of the record indicates that although the juvenile court orally determined the minor's maximum term of confinement, the applicable minute orders do not mention it. Finding no other arguable error that would result in a disposition more

4

favorable to the minor, we will affirm the judgment and direct the juvenile court to correct the relevant minute orders to set forth the minor's maximum term of confinement.

DISPOSITION

The judgment is affirmed. The juvenile court shall correct the minute orders for the disposition hearing on October 25, 2023, to set forth the minor's six-year two-month maximum term of confinement.

/S/
MAURO, Acting P. J.

We concur:

/S/
RENNER, J.

/S/
FEINBERG, J.